United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERICK L. LOGAN,
Plaintiff,

v.

STORAGE PRO,
Defendant.

Case No. 26-cv-06861-JST

**ORDER DENYING IFP APPLICATION AND SUA SPONTE DISMISSING CASE**

Re: ECF Nos. 1, 2

Plaintiff Erick L. Logan, Jr. ("Plaintiff"), proceeding pro se, filed a complaint and application to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). In his affidavit, Logan declares that he owns "about 1 billion" in cash. ECF No. 2 at 3. The application to proceed IFP is therefore denied.

In addition, federal courts are under a duty to raise and decide issues of subject matter jurisdiction sua sponte at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Conducting that inquiry, the Court dismisses Logan's case with prejudice.

In an amended complaint filed in a related case in this district on March 12, 2026, Logan sued Storage Pro Self Storage, located at 429 Beale Street in San Francisco. Case No. 25-cv-10258, ECF No. 14 at 1. He alleged federal question jurisdiction and diversity jurisdiction, *id*. at 2, but brought a sole claim for "entry for paid place / unlawful lockout," *id*. at 3. He explained that he was not allowed to enter storage units numbered 1915 and 2140 or 2141, which presumably he had paid to rent. *Id*. He sought $22,000 "with return of my properties or monetary

United States District Court
Northern District of California

equalment of property." *Id*. at 6. The Court dismissed that case for lack of subject matter jurisdiction, as Logan neither alleged a federal claim nor satisfied diversity jurisdiction. Case No. 25-cv-10258, ECF Nos. 4, 11, 15.

In the present complaint, filed on July 6, 2026, Logan again sues Storage Pro Self Storage located at 429 Beale Street in San Francisco. ECF No. 1 at 1. He alleges federal question jurisdiction for violation of the "right to legally occupy any 'space' in any jurisdiction legally, by rent or lease," and "unlawful lockout / said selling of property." *Id*. at 2, 4. He states that a Storage Pro manager prevented him from entering both of his rental units, numbered 1915 and 2041. *Id*. at 3. The complaint is therefore identical in substance to his prior complaint, although neither pleading states precisely when he was prevented from accessing the units or for how long.

In any case, this complaint, like the last, fails for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1331. Because the Court discerns no plausible federal claim that could arise from Logan's allegation that he was locked out of his storage units, amendment would be futile and dismissal is with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal with prejudice is also supported by the fact that this is Logan's third attempt to redress this alleged harm, Case No. 25-cv-10258, ECF Nos. 1, 14; Case No. 26-cv-6861, ECF No. 1, and the Court has four times previously advised Logan of the jurisdictional deficiency, Case No. 25-cv-10258, ECF Nos. 4, 11, 13, 15.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 27, 2026

JON S. TIGAR
United States District Judge